Filed 5/26/23; Certified for Publication 6/14/23 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C094195 |
| Plaintiff and Respondent, | (Super. Ct. No. 18FE021180) |
| v. | |
| JESSIE FARIAS et al., | |
| Defendants and Appellants. | |

SUMMARY OF THE APPEAL

This case is an example of why all parties to a legal proceeding should be reluctant to forego attending hearings at which the court is likely to announce a verdict. Here, defendant inmates, Jesse Farias and Fernando Miranda were found guilty of various charges stemming from their attack on a fellow inmate. Defendants, their counsel, and the People then agreed to allow the trial court to determine the truth of allegations that

1

they had previously been convicted of crimes that constituted both serious felonies under Penal Code section 667, subdivision (a), and strikes under Penal Code sections 667, subdivision (e)(2), and 1170.12, subdivision (c)(2), without their appearances. (Statutory section citations that follow are found in the Penal Code unless otherwise stated.)

In a detailed minute order issued following the trial court's consideration of these recidivist offender allegations, the trial court expressly found the prior convictions were for serious felonies under section 667, subdivision (a), but made no mention of the allegations under sections 667, subdivision (e)(2), and 1170.12, subdivision (c)(2). However, at the sentencing hearing, the court imposed sentences on the defendants as if it had found the strike allegations to be true. Had all parties attended the hearing on the priors, we have little doubt that someone in the group would have requested the court clearly make an oral record of its finding on the strike allegations and that the court would have obliged and found the allegations to be true. Instead, we have a record that is silent, with little way to know if the error was purely clerical in nature or if the trial court, in fact, failed to consider the strike allegations at all.

On appeal, both defendants take the position that the court could not impose a strike sentence here, because it made no strike finding. We agree that, as the record now stands, a strike sentence was not appropriate, and we vacate the sentence without prejudice as to the trial court's ability to correct the record if it can be clearly shown that the omission of strike findings was a clerical error and not a failure to make a finding and disposition on those allegations.

In addition to joining Farias's challenge to the strike sentence, Miranda also challenges the trial court's finding that two of his prior convictions were for serious felonies as contemplated by section 667, subdivision (a), on the basis that those findings are not supported by substantial evidence. While we affirm the trial court's finding on one of the two subject prior convictions, we agree with Miranda that, considering changes to the law governing gang offenses, the trial court lacked substantial evidence to

2

support its finding that his prior conviction under section 186.22, subdivision (a), was for a serious felony as contemplated by section 667, subdivision (a).

Finally, both defendants argue that amendments to section 654 made after the trial court entered its sentence in this matter apply here, and we must remand the case to allow the trial court to exercise its discretion under the amended law. We agree the amendment applies and that the trial court may apply the amended version of the law on remand.

### FACTS AND HISTORY OF THE PROCEEDINGS

Because the guilt findings in this action are not in dispute, we provide only a brief summary of the incident that gave rise to this action and the findings regarding that specific incident. We provide greater detail on allegations and the trial court's findings regarding prior convictions, which play a central role in defendants' appeals.

#### 2018 Incident Giving Rise to this Action

On May 7, 2018, a correctional officer working on the C Yard of the California State Prison, Sacramento witnessed inmates Farias and Miranda attack, beat, and stab a third inmate, J.G. The officer made a call on her radio for help and an announcement to "put the yard down."

Correctional officers formed a scrimmage line and ran towards the fight, and deployed pepper spray grenades. Miranda and Farias stopped their attack and were detained. Farias had blood on his clothing, but Miranda and Farias both appeared uninjured. One inmate-manufactured weapon was located on the grass near where officers detained Miranda. Another was located closer to where officers detained Farias.

J.G. was transported to a hospital. He suffered multiple serious injuries that required extensive treatment, including surgery.

#### Counts Charged, Enhancements, and Jury Findings Based on the 2018 Incident

In an Amended Information filed on April 23, 2021, which was further amended on May 4, 2021, the People alleged four counts. Counts one and four were alleged

3

against both defendants. Count one alleged both defendants, with malice aforethought, attempted to murder J.G., in violation of section 664 and section 187, subdivision (a). Appended to count one were two enhancement allegations: first, that in committing the crime defendants inflicted great bodily injury on J.G. as contemplated by section 12022.7, subdivision (a); and, second that they used a dangerous weapon—"an inmate manufactured stabbing weapon"—in the commission of the offense as contemplated by section 12022, subdivision (b)(1). Count four alleged that defendants unlawfully possessed and carried an inmate manufactured weapon while incarcerated on the day of the alleged attack in violation of section 4502, subdivision (a).

Count two made allegations regarding Farias only. It alleged that Farias, with malice aforethought, assaulted J.G. with a deadly weapon and by means of force likely to cause great bodily injury while serving a life sentence in a California prison, in violation of section 4500. Count two, like count one, contained enhancement allegations under sections 12022.7, subdivision (a), and 12022, subdivision (b)(1).

Count three made allegations regarding Miranda only. It alleged that Miranda, while incarcerated, assaulted J.G. with a deadly weapon, an inmate manufactured stabbing instrument, in violation of section 4501, subdivision (a)(1). Count three contained an enhancement allegation under section 12022.7, subdivision (a).

A jury found the defendants guilty on all counts, and found all of the alleged enhancements appended to the counts to be true, with the exception of the section 12022, subdivision (b)(1) (use of a deadly weapon) enhancement alleged with count two. The verdict form for count two did not include a space for the jury to reach a finding on the section 12022, subdivision (b)(1), enhancement, and when the clerk read the verdict it made no mention of this enhancement.

4

Alleged Prior Convictions

The information alleged Farias had two prior convictions. First, the information alleged that on March 4, 1996, Farias was convicted of murder in the first degree in violation of section 187 by the Superior Court for the County of Tulare. Second, the information alleged that on March 4, 1996, Farias was convicted of attempted murder in violation of sections 664 and 187 by the Superior Court for the County of Tulare.

The information also alleged Miranda had three prior convictions. First, the information alleged that on September 15, 2014, Miranda was convicted of voluntary manslaughter in violation of section 192, subdivision (a). Second, the information alleged that on September 15, 2014, Miranda was convicted of assault with a deadly weapon and the infliction of great bodily injury in violation of section 245, subdivision (a)(1), and section 12022.7. Third, the information alleged that on August 11, 2009, Miranda was convicted of the crime of performing acts in furtherance a criminal street gang in violation of section 186.22, subdivision (a).

The information alleged all the defendants' prior alleged convictions were (1) for serious felonies within the meaning of section 667, subdivision (a), which provides for a five-year sentence enhancement on certain subsequent convictions; and (2) eligible for a three-strikes life sentence within the meaning of section 667, subdivision (e)(2), and section 1170.12, subdivision (c)(2).

Defendants Waived the Right to be Present at a Bench Trial on the Priors

In court, while the jury was deliberating the current charges, Farias and Miranda both waived jury trials on the prior convictions, their counsel concurred, and the People joined.

After the jury verdicts were read, the judge stated it would reconvene the next morning for the trial on the prior offenses.

5

The Assistant District Attorney stated that she and counsel for Farias had a preliminary hearing scheduled in another matter at the same time the judge intended to hold the trial on the priors. The court told the parties a trial takes precedence and to let the judge in the other department know, and then asked how much testimony the parties anticipated. The People stated they were willing to submit on the documents; so the court proposed meeting at 8:45 a.m., 15 minutes earlier than it had originally proposed meeting. However, counsel for Miranda said he had to be in court in Yolo County at some point the next day, and the court said it would move the hearing to 8:30 a.m.

The court then asked if defense counsel had seen the evidence the People had submitted regarding the priors. Farias's counsel said he had not, and proposed they conduct the trial on the priors and sentencing at the same time, be that the next day or at some later time. But, the court stated it planned to send the matter to Probation prior to sentencing, and it would want Probation to have the verdict on the priors.

The court continued, "[s]o if you just want to submit on the documents, we can do that and then I will render a ruling tomorrow and notify counsel. But I wanted to give you an opportunity to argue on the record. But if you don't plan to do that, you can submit on the documents." Farias's counsel responded, "I am just prepared to object to the documents as hearsay and submit on that." Miranda's counsel said, "I will do the same."

The court then allowed the People to argue why the documents were not hearsay. The People argued the documents were certified official records from the California Department of Corrections and Rehabilitation. The court stated, "presuming that counsel is correct and they are certified and have the appropriate stamps, then I will overrule the objection." The court continued, "I will take a look at them in the morning and then I will notify counsel, so you don't have to be here if you don't want any further argument on the record." The court asked if that would be satisfactory, and counsel for both defendants said it was.

6

Before concluding the day's hearing, the court addressed the defendants regarding the proposal to hold a trial on the priors without them present, instructing them "your counsel have indicated that they don't need to be here, I can review the records, they've already objected to the records and I've overruled the objections. [¶] But you have the right to be here at the reading of the verdict. I'm going to review these documents and determine whether or not you're guilty of the priors, and when I do that, if you want to waive your appearance, you are welcome to do that. Your attorneys have agreed to waive their appearance, but that's a personal right of yours and so you don't have to agree to that. You're certainly welcome to, but I don't want to have your counsel invoke a constitutional right on your behalf without talking to you first." The court then asked, "[d]o you waive your appearance tomorrow for the verdict?" They both responded, "[y]es." Farias added, "[t]his is very boring. I am done." The court replied, "I understand. [¶] Thank you, gentlemen. Good luck." Proceedings then concluded for the day.

Bench Trial Regarding the Priors

The court held a bench trial regarding the priors on May 6, 2021. There is no transcript of oral proceedings of the court reading its verdict on the priors. The clerk entered a minute order memorializing the trial and findings. The minutes identify the exhibits that were entered. We will provide more detail below regarding some of those exhibits, when we consider Miranda's separate arguments regarding the findings that his prior convictions were serious felonies under section 664, subdivision (a).

According to the minute order, following the trial on the priors the court found true that Farias had two prior convictions as follows:

"**PRIOR CONVICTION #1** - On March 4, 1996, Superior Court of California, County of Tulare, conviction of the crime of murder in the first degree in violation of

7

Section 187 of the Penal Code, a serious felony, within the meaning of Section 667(a) of the Penal Code - **FOUND TRUE**.

"**PRIOR CONVICTION #2** - On March 4, 1996, Superior Court of California, County of Tulare, conviction of the crime of attempted murder in violation of Section 664/187 of the Penal Code, a serious felony, within the meaning of Section 667(a) of the Penal Code - **FOUND TRUE**."

The court found true that Miranda had three prior convictions as follows:

"**PRIOR CONVICTION #1** - On September 15, 2014, Superior Court of California, County of Monterey, conviction of the crime of voluntary manslaughter in violation of Section 192(a) of the Penal Code, a serious felony, within the meaning of Section 667(a) of the Penal Code - **FOUND TRUE**.

"**PRIOR CONVICTION #2** - On September 15, 2014, Superior Court of California, County of Monterey, conviction of the crime of assault with a deadly weapon and infliction of great bodily injury in violation of Section[s] 245(a)(1) and 12022.7 of the Penal Code, a serious felony, within the meaning of Section 667(a) of the Penal Code - **FOUND TRUE**.

"**PRIOR CONVICTION #3** - On August 11, 2009, Superior Court of California, County of Monterey, conviction of the crime of in furtherance of criminal street gang in violation of Section 186.22 of the Penal Code, a serious felony, within the meaning of Section 667(a) of the Penal Code - **FOUND TRUE**."

A shorter minute order, contained on a document that listed multiple minute orders in Farias's case said (in all caps), "court finds prior convictions 1 and 2 to be true." A minute order contained on a similar list in Miranda's case said (in all caps), "court finds prior convictions 1, 2, and 3 to be true."

8

<u>Sentencing</u>

Both defendants were present with counsel at the sentencing hearing on June 3, 2021.

At the hearing, the trial court gave a recitation of the jury's findings on the current charges, as well as its findings on the priors. Regarding Farias's priors, the court said, "[h]is priors include the [March 4, 1996], Tulare County [section] 187 and the [March 4, 1996] Tulare County, attempt[ed] section 187."

Regarding Miranda's priors, the court said, "priors of [September 15, 2014,] in Monterey County, [section] 192[, subdivision ](a), that's found true; second prior of a [section] 245[, subdivision] (a)(1) with a felony [section] 12022.7, both serious felonies, were found to be true as well as the Monterey County [August 11, 2009,] for [section] 186.22. All three are serious felonies."

When the court asked counsel if its description of the findings were correct, Farias's counsel responded, "[y]es, as to Court findings, jury findings, et cetera, yes." Miranda's counsel responded, "[w]ith respect to the analysis of when the verdicts were done and rendered, I believe so."

The court stated it intended to stay sentences on counts two, three, and four under section 654.

On count one, the court said it intended to impose a sentence of 27 years to life. It selected the upper term and tripled it pursuant to section 667, subdivision (e)(2)(A). The court said it would impose an additional one-year determinate term for the section 12022, subdivision (b)(1), use of a deadly weapon enhancement, and a three-year term for the great-bodily-injury enhancement under section 12022.7, subdivision (a).

As to Farias's priors, the court noted both convictions were from the same March 4, 1996, trial. So, it would triple the sentence, and provide the basis for one five-

9

year prior. This would bring Farias's total sentence to 27 years to life with an additional nine-year determinate term.

As to Miranda's priors, the court noted a five-year enhancement for the section 192, subdivision (a) felony under section 667, subdivisions (a) and (e)(2). It treated the second conviction in September 2015, under sections 245, subdivision (a)(1), and 12022.7, subdivision (a), as the basis to triple the term for the offense at issue here. The court stated it planned to impose a second five-year enhancement for the section 186.22, subdivision (a), conviction in the 2009 case. This would bring Miranda's sentence to a total of 27 years to life with an additional 14-year determinate term.

Miranda's counsel said he was objecting to the three-strikes sentence for Miranda. He stated he believed, "findings by both the jury and the Court . . . don't lend credence to a three strike sentence and I'll leave it at that." Farias's counsel reiterated that he had objected to documentation submitted regarding prior convictions and stated, "I think based on the Court's findings also a three strike sentence is not appropriate, and I'll submit on that."

After the People noted that defendants had not filed *Romero* motions under *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497, and that it had explained in its sentencing brief why the defendants fell within the three strikes law, the court said, "the Court does believe that it has the power and the authority to strike the priors, but this case is not one in which the Court would seriously entertain that. A *Romero* motion is not before the Court, but if it were, the Court would deny it based on the information on the record, the testimony that the Court heard, and the fact that three strikes would be an entirely appropriate statute that would apply to these two defendants based on their level of violence and their prior history." The court stayed counts two, three, and four, and followed the intended disposition it read earlier in the hearing.

Both parties filed notices of appeal the day they were sentenced.

10

<u>Abstracts</u> <u>of</u> <u>Judgment</u>

The abstract of judgment for Farias indicates he was found guilty on counts one, two, and four; that enhancements were found and tied to count one under sections 12022, subdivision (b)(1), and 12022.7, subdivision (a); and that a prior conviction enhancement had been charged and found under section 667, subdivision (a). Notably absent from the list of prior convictions found was a reference to section 667, subdivision (e)(2), though the abstract indicates Farias was sentenced pursuant to section 667, subdivision (e)(2)(A).

The abstract of judgment for Miranda indicates he was found guilty on counts one, three, and four; that enhancements were found and tied to count one under sections 12022, subdivision (b)(1), and 12022.7, subdivision (a); and that two prior conviction enhancements had been charged and found under section 667, subdivision (a). Notably absent from the list of prior convictions found was a reference to section 667, subdivision (e)(2), though the abstract indicates Miranda was sentenced pursuant to section 667, subdivision (e)(2)(A).

## DISCUSSION

### I

### *Strike Findings*

Farias and Miranda both argue that the trial court could not sentence them under the three strikes law because the trial court never actually found that their prior offenses were strikes. They both argue that this matter should be remanded for resentencing without the imposition of a term under the three strikes law. The People take the position that the trial court made proper strike findings and appropriately sentenced the defendants under the three strikes law. The People also argue that Farias failed to raise an appropriate objection to the court's findings in the trial court, and, therefore, failed to preserve this argument for appellate review. The People also argue any error was harmless. Finally, the People argue that if this court does find the trial court failed to

11

make a finding on the prior strike allegations, the matter should be remanded for the superior court to clarify its findings. Defendants are correct that on this record the sentence is unauthorized. However, we make this finding without prejudice as to the trial court's ability to correct the judgment if the omission is shown to be purely a clerical error.

### A. The Three Strikes Law

The California three strikes law is contained in section 667, subdivisions (b)-(i), and section 1170.12. (See *People v. Williams* (1998) 17 Cal.4th 148, 152.) Under section 667, subdivision (e), a defendant is subject to a sentencing enhancement when the defendant has one or more "prior serious or violent felony conviction[s]." For purposes of section 667, subdivision (e), the definition of a strike is contained in section 667, subdivision (d), and includes, with certain exceptions not applicable here, "[a]n offense defined in subdivision (c) of Section 667.5 as a violent felony or an offense defined in subdivision (c) of Section 1192.7 as a serious felony in this state." Section 1170.12, subdivision (c), contains language similar to section 667, subdivision (e), which also mandates penalty enhancements for defendants that have one or more "prior serious or violent felony conviction." For purposes of section 1170.12, subdivision (c), the definition of "prior serious or violent felony conviction" is contained in section 1170.12, subdivision (b), and also includes, with certain exceptions, "[a]ny offense defined in subdivision (c) of Section 667.5 as a violent felony or any offense defined in subdivision (c) of Section 1192.7 as a serious felony in this state." "In summary, both statutes have this effect: When a defendant is convicted of a felony, and it is pleaded and proved that he has committed one or more prior felonies defined as 'violent' or 'serious,' sentencing proceeds under the Three Strikes law '[n]otwithstanding any other law' (§ 667, subd. (c); § 1170.12, subd. (a).)" (*Romero*, *supra*, 13 Cal.4th at p. 505.)

12

With certain exceptions, a prosecutor must, "plead and prove each prior serious or violent felony conviction." (§§ 667, subd. (f)(1), 1170.12, subd. (d)(1).) And, "[d]ue process requires the prosecution to shoulder the burden of proving each element of a sentence enhancement beyond a reasonable doubt." (*People v. Tenner* (1993) 6 Cal.4th 559, 566.)

B.     Consideration of Priors and Impact of Findings

Here, though it was clear that both parties and their counsel opted to forego attendance at a hearing during which the court considered evidence of the defendants' priors and made findings as to the truth of the related enhancement allegations, it was not clear to this court whether the trial court ever made an oral pronouncement of its findings. We asked both parties to brief the impact of a lack of a reporter's transcript or settled statement in this appeal, and both defendants and the People took the position that record before us provides sufficient information for our review. The People, in fact, take the position that there were no oral proceedings to record. As such, we will treat the record as containing a complete representation of all findings the trial court articulated on the record with respect to the strike allegations.

"When a jury trial is waived, the judge or justice before whom the trial is had shall, at the conclusion thereof, announce his findings upon the issues of fact, which shall be in substantially the form prescribed for the general verdict of a jury and shall be entered upon the minutes." (§ 1167.) With respect to findings on enhancements alleging prior convictions, "[r]eference to the prior conviction must be included in the pronouncement of judgment for if the record is silent in that regard, in the absence of evidence to the contrary, it may be inferred that the omission was an act of leniency by the trial court. In such circumstances the silence operates as a finding that the prior conviction was not true." (See *In re Candelario* (1970) 3 Cal.3d 702, 704 & 706, fn. omitted, (*Candelario*) [hearing minutes and abstract did not contain a finding on a prior

13

conviction to which defendant had admitted]; but see *People v. Turner* (1998) 67 Cal.App.4th 1258, 1267-1268 [finding *Candelario* did not apply when the appellant had admitted to a prior serious felony under section 667, subdivision (a), but the trial court did not expressly pronounce a sentence on the prior conviction; and distinguishing section 667, subdivision (a), findings from strike findings].)

Here, the minute order upon which the court entered its findings on the recidivist enhancement allegations is silent as to the existence of prior *strike* convictions. The minute order explicitly identifies section 667, subdivision (a), but makes no mention of section 667, subdivisions (d)-(e) or section 1170.12. At the sentencing hearing, although the trial court imposed a sentence as if it had made a true finding on the strike allegations, when the court recited its findings on the recidivist allegations, it did not use the word "strike" or "violent" to describe any of its true findings, and only used the word "serious." Finally, much like the trial court's statements at the sentencing hearing, while the abstracts of judgment indicated defendants were sentenced under section 667, subdivision (e)(2)(A) (the Three Strikes Law), under the portion of the abstract where the court listed enhancement findings, it does not list findings under section 667, subdivisions (d)-(e), or section 1170.12. In the face of this silence (1) in the minute order prepared the day the trial court considered the prior-conviction allegations; (2) during the portions of the sentencing hearing reciting findings on those allegations; and (3) in the abstract of judgments' lists of enhancement findings, we treat defendants as if the trial court concluded the strike allegations were not true. (*Candelario*, *supra*, 3 Cal.3d at p. 706.) Therefore, it appears the defendants should not have been sentenced under the three strikes law. (*Ibid.*; accord *People v. Mesa* (1975) 14 Cal.3d 466, 471.)

The People make a variety of unpersuasive arguments to try to avoid the impact of the trial court's silence as to the strike allegations. First, the People point to the finding in the shorter, less detailed minute orders, which simply state, "COURT FINDS PRIOR CONVICTIONS . . . TO BE TRUE." Yet, considering the more detailed findings of the

14

longer minute order, the lack of specificity in this short-hand minute order does not overcome the implications caused by the silence as to strike findings in the longer, more detailed minute order, during the recitation of findings at the sentencing hearing, and in the abstracts of judgment. (See § 1167 [requiring a judge following a bench trial to announce his findings upon the issues of fact in substantially the form prescribed for the general verdict of a jury, which shall then be entered upon the minutes].)

Next, the People suggest a finding of truth under section 667, subdivision (a), which refers to "serious felonies" functionally incorporates a finding of truth that the prior felony was "serious or violent" as contemplated by section 1170.12 and section 667, subdivision (d). Though we see some strength in this argument, we find treating a truth finding under section 667, subdivision (a), as a de facto truth finding under the three strikes law would be contrary to statutory dictates that strike allegations must be pled and proved (see §§ 667, subd. (f)(1), 1170.12, subd. (e)), and the reasoning in *Candelario, supra,* 3 Cal.3d at page 706, in which our Supreme Court directed that silence on enhancements is to be treated as an act of leniency. Nor are we convinced that we can say the court made a truth finding on the strike allegations in the face of this silence in the portions of the record that specifically memorialize the courts findings when it considered the evidence of those priors because at the sentencing hearing one month later the trial court (1) imposed a sentence as if it had made a strike finding, and (2) stated it would not have seriously entertained a *Romero* motion. While these factors may suggest that, at the time of the sentencing hearing, the trial court believed it *should have made* an affirmative finding that the strike allegations were true when it considered the evidence regarding those allegations, this suggestion is not the same as a record that shows the court *actually made* those findings when acting as the trier of fact on the recidivist allegations.

Finally, the People argue this argument was not preserved for review, and that any error was harmless. But, "[t]he error involved in an unauthorized sentence is not subject to forfeiture, and can never be harmless." (*People v. Cabrera* (2018) 21 Cal.App.5th

15

470, 477.)  Additionally, at the sentencing hearing, counsel for both defendants stated they felt the trial court's findings on the Three Strikes allegations did not support a punishment under the Three Strikes law, preserving the matter for further review.

   C.   Treatment on Remand

Based on the current record, it appears the trial court reached no conclusions as to whether the prior convictions were strikes when it acted as a trier of fact regarding those convictions, and we treat that silence as a finding that it was not true that the defendants had prior strikes.  On that basis, the sentence is unauthorized by the factual findings and must be vacated.  (*People v. Bell* (1971) 17 Cal.App.3d 949, 955 [When a court pronounces a sentence which is unauthorized by the Penal Code, that sentence must be vacated and a proper sentence imposed whenever the mistake is appropriately brought to the attention of the court].)  We note our holding is not the same as a holding that the trial court made a true finding that was unsupported by substantial evidence, where we would allow the trial court to retry the question on remand.  (*People v. Franz* (2001) 88 Cal.App.4th 1426, 1455 ["Our Supreme Court has held that, where a prior conviction finding is reversed on appeal for a lack of substantial evidence, the proper procedure is to remand the case to the trial court for a retrial of the prior conviction allegation.  (*People v. Morton* (1953) 41 Cal. 2d 536, 543-545 []"].)

However, "a court has the inherent power to correct clerical errors in its records so as to make these records reflect the true facts.  [Citations.]  The power exists independently of statute and may be exercised in criminal as well as in civil cases.  [Citation.]  The power is unaffected by the pendency of an appeal or a habeas corpus proceeding.  [Citation.]  The court may correct such errors on its own motion or upon the application of the parties."  (*Candelario*, *supra*, 3 Cal.3d at p. 705; accord *People v. Kim* (2012) 212 Cal.App.4th 117, 124.)  "Clerical error . . . is to be distinguished from judicial error which cannot be corrected by amendment.  The distinction between clerical error

16

and judicial error is 'whether the error was made in rendering the judgment, or in recording the judgment rendered.'  (46 Am.Jur.2d, Judgments, § 202.)  Any attempt by a court, under the guise of correcting clerical error, to 'revise its deliberately exercised judicial discretion' is not permitted.  (*In re Wimbs* (1966) 65 Cal.2d 490, 498 [].)"  (*Candelario*, *supra*, 3 Cal.3d at p. 705.)  "An amendment that substantially modifies the original judgment or materially alters the rights of the parties, may not be made by the court under its authority to correct clerical error . . . unless the record *clearly* demonstrates that the error was not the result of the exercise of judicial discretion."  (*Ibid.*, italics added.)

Given the same judge that considered the prior strike allegations sentenced the parties as if it had found the allegations true and, at sentencing, stated, "three strikes would be an entirely appropriate statute that would apply to these two defendants based on their level of violence and their prior history," it seems highly unlikely the trial court intended to show lenience through silence in this matter.  Given this, it is possible that the judge has notes or other evidence from when it reviewed the prior convictions that might reflect it did, in fact, make an explicit finding on the priors, but those findings did not make it into the detailed minute order due to a clerical error.  E.g., it is possible in cutting and pasting text or preparing a document based on the judge's oral statements, a member of the court staff inadvertently omitted citations to the statutes governing the treatment of strikes when preparing the detailed minute order, which, in turn, may have been relied upon in preparing the abstract and reciting findings during sentencing.  At this juncture, we cannot foreclose the possibility that a showing could be made by the trial court that the omission of the findings from the minute order was a just a clerical, and we do not here prohibit the trial court from correcting the judgment to reflect that change.

17

## II

### *Prior Serious Felony Findings Under Section 664, Subdivision (a)*

On appeal, Miranda challenges the trial court's prior serious felony findings as to his 2014 section 245, subdivision (a) and section 12022.7 conviction, and his 2009 section 186.22 conviction. He does not challenge the truth finding regarding the 2014 section 192, subdivision (a) conviction.

### A.  Additional Background

The following documents, in chronological order, were entered as evidence regarding Miranda's three prior alleged convictions:

*A complaint filed on July 6, 2009, in the Superior Court of California, County of Monterey, case No. SS0916684A (the 2009 Action).* The complaint accusing Miranda of the commission of various offenses, including, in the first count, carrying a loaded firearm on one's person as contemplated by section 12031, subdivision (a)(1).

*Minutes from the August 11, 2009, preliminary hearing in the 2009 Action.* According to the minutes, the complaint in the action was orally amended at that time to add a fourth count for felony violation of section 186.22, subdivision (a). According to the minutes, Miranda then moved to withdraw his prior not guilty plea and enter a conditional plea. "Defendant was informed that entry of plea would constitute 1 strike(s)," though the minutes do not specify if he was informed any specific offense to which he was entering a plea of nolo contendere would constitute the strike. Defendant's motion was granted and he entered a plea of nolo contendere to the first and fourth counts alleged in the complaint for the 2009 Action, as amended.

*A waiver of rights and plea of guilty/no contest signed by Miranda on August 11, 2009, in the 2009 Action.* According to the form, Miranda was pleading nolo contendere to offenses under sections 12031, subdivision (a), and 186.22, subdivision (a). Written under the line identifying the offenses to which he was entering a plea was, "1 strike."

*Minutes from a "Supplemental Report" hearing in the 2009 Action on January 11, 2011.* According to the minutes, Miranda's probation was being revoked and the court sentenced him to a term of 16 months on both the first and fourth counts, to be served concurrently.

*An abstract of judgment filed on January 13, 2011, in the 2009 Action.* According to the abstract, on August 11, 2009, Miranda was convicted of possessing a loaded firearm under section 12031, subdivision (a)(1), and of committing a "street gang act" under section 186.22, subdivision (a). The abstract stated Miranda's sentence was pronounced in the 2009 Action on January 11, 2011.

*An FBI fingerprinting form for fingerprints taken on January 20, 2011.* The form bears a notation that Miranda had been cited for violating both section 12031, subdivision (a)(1), and section 186.22, subdivision (a), in the 2009 Action.

*An amended information filed on January 4, 2012, in case No. SS110928B (the 2011 Action).* The information charges Miranda and a codefendant with the premeditated murder of an unnamed "Victim 1" on May 7, 2011. It contains an enhancement allegation to the murder allegation that Miranda committed the alleged murder for the benefit of, at the direction of, or in association with a criminal street gang, for the purpose of promoting, furthering, or assisting in the criminal conduct of gang members in violation of section 186.22, subdivision (b)(1). The information alleged in a second count that Miranda and the codefendant to that action engaged in street terrorism on May 7, 2011, the same day they allegedly murdered victim 1. The information alleged as enhancements to both counts that Miranda (1) had suffered a conviction for street terrorism in violation of section 186.22, subdivision (a), in the 2009 Action on January 11, 2011, as contemplated by section 1170.12, subdivision (c)(1); and (2) was ineligible to be sentenced to the county jail pursuant to section 1170, subdivision (h)(2), due to the nature of the crimes alleged.

*Minutes from a September 15, 2014, hearing that appears to have occurred on the fifth day of a jury trial in the 2011 Action.* According to the minutes, on September 15, 2014, the trial court amended the information in the action upon the motion of the district attorney. The information was amended to add an allegation that Miranda had committed voluntary manslaughter as contemplated by section 192, subdivision (a). Three enhancements were appended to the (new) third count: (1) a section 186.22, subdivision (b)(1), gang enhancement; (2) a section 1170.12, subdivision (c)(1), strike enhancement; and (3) a section 667, subdivision (a), serious felony enhancement allegation. According to the minutes, Miranda then withdrew his prior plea of not guilty, and entered into a conditional plea of guilty or nolo contendere to the third count and its enhancements. Under the plea, he would receive a sentence of 37 years, to be served consecutive to a penalty that would be imposed in case No. SS141298A (the 2014 Action), to reach a total sentence of 42 years and 4 months in both cases. According to the minutes, Miranda was informed that the plea would constitute a strike, a serious or violent felony under the three strikes law. "Upon stipulation of Counsel," the court found, "a factual basis for the plea based on the evidence received during the jury trial and the Preliminary Hearing transcript." Defendant was advised conviction would require him to register as a gang member under section 186.30.

*The plea agreement signed by Miranda in the 2011 Action which was filed on September 15, 2014.* Miranda pled guilty to section 192, subdivision (a), voluntary manslaughter; and admitted the gang enhancement, the prior strike enhancement under section 1170.17, and the prior serious felony enhancement under section 667, subdivision (a). The agreement stated the maximum prison term Miranda could serve based on these admissions was 37 years.

*Minutes from the October 17, 2014, sentencing hearing in the 2011 Action.* The court imposed a term of 11 years for the section 192, subdivision (a), voluntary manslaughter conviction. That term was then doubled due to the prior strike under

20

section 1170.12, subdivision (c)(1). A 10-year gang enhancement was added under section 186.22, subdivision (b)(1). A five-year prior serious felony enhancement was added for the section 667, subdivision (a), prior serious felony. The minutes noted the sentence was to be served consecutively with the sentence in the 2014 Action. Defendant was required to register as a gang member pursuant to section 186.30. Upon the motion of the District Attorney, all other charges, enhancements, and allegations were dismissed under section 1385.

*An abstract of judgment filed on October 21, 2014, in both the 2011 Action and 2014 Action.* The abstract noted Miranda had been convicted of voluntary manslaughter and would serve 22 years for that crime, with a 10-year enchantment under section 186.22, subdivision (b)(1)—this sentence was linked to the 2011 Action. The abstract sentenced him to two years for "[a]ssault with a deadly weapon" under "PC" "245(a)," with an enhancement of three years and four months under section 186.22, subdivision (b)(1)—this sentence was linked to the 2014 Action. The abstract also denotes that the court had found a section 12022.7, subdivision (a), enhancement appended to the section 245, subdivision (a), assault with a deadly weapon guilt finding in the 2014 Action, but that the time imposed was "stricken." The instructions for listing enhancements found and sentences imposed for them states, "DO NOT LIST ENHACEMENTS FULLY STRICKEN by the court." The abstract also lists a five year enhancement to the sentence under section 667, subdivision (a), without specifying if that enhancement was specifically appended to the voluntary manslaughter or section 245, subdivision (a) conviction. It also does not state the nature of the prior serious felony conviction at issue. The total time for the sentence imposed on the 2011 and 2014 Actions according to the abstract was 42 years and 4 months, which was consistent with the plea agreement identified in the minutes from the September 15, 2014, in the 2011 Action.

*A fingerprinting card for prints taken on October 28, 2014.* The card identifies the convictions and enhancements in the 2011 Action as section 192, subdivision (a)

voluntary manslaughter, with section 186.22, subdivision (b)(1), and section 667, subdivision (a), prior felony conviction enhancements. For the 2014 Action it identified a section 245, subdivision (a), conviction for "FORCE/ADW NOT FIREARM:GBI" with a section 186.22, subdivision (b)(1), enhancement.

*A document dated June 15, 2020, that records Miranda's movements between, entry into, and parole from detention facilities.*

The documents considered do not include a charging document, plea agreement, or minutes from a hearing at which the plea was entered in the 2014 Action, which was the action in which the section 245, subdivision (a), and section 12022.7 conviction was entered.

Miranda presented no evidence concerning the nature of his prior convictions.

## B. Standard of Review

"The People must prove all elements of an alleged sentence enhancement beyond a reasonable doubt. (*People v. Tenner*[, *supra*,] 6 Cal.4th [at p.] 566 [].)" (*People v. Miles* (2008) 43 Cal.4th 1074, 1082.) In identifying the facts proven by the existence of a prior conviction, "[t]he trial court's role is limited to determining the facts that were necessarily found in the course of entering the conviction. To do more is to engage in 'judicial factfinding that goes far beyond the recognition of a prior conviction.' " (*People v. Gallardo* (2017) 4 Cal.5th 120, 134.) "On review, we examine the record in the light most favorable to the judgment to ascertain whether it is supported by substantial evidence. In other words, we determine whether a rational trier of fact could have found that the prosecution sustained its burden of proving the elements of the sentence enhancement beyond a reasonable doubt." (*Miles,* at p. 1083.)

## C. Applicable Statutes

Under section 667, subdivision (a)(1), "[a] person convicted of a serious felony who previously has been convicted of a serious felony in this state . . . , shall receive, in

addition to the sentence imposed by the court for the present offense, a five-year enhancement for each such prior conviction on charges brought and tried separately. The terms of the present offense and each enhancement shall run consecutively." "As used in" section 667, subdivision (a), " 'serious felony' means a serious felony listed in subdivision (c) of Section 1192.7." (*Id.* at subd. (a)(4).) In turn, section 1192.7, subdivision (c) defines "serious felony" to mean any one of a list of 42 identified crimes, including, for our purposes, "(1) Murder or voluntary manslaughter; . . . (8) any felony in which the defendant personally inflicts great bodily injury on any person, other than an accomplice, or any felony in which the defendant personally uses a firearm; . . . (28) any felony offense, which would also constitute a felony violation of Section 186.22; . . . (31) assault with a deadly weapon, firearm, machinegun, assault weapon, or semiautomatic firearm or assault on a peace officer or firefighter, in violation of Section 245; . . . ."

D.       Prior Conviction Under Section 245, Subdivision (a), and 12022.7

Miranda argues there is insufficient evidence to support the trial court's true finding that, "[o]n September 15, 2014, Superior Court of California, County of Monterey, conviction of the crime of assault with a deadly weapon and infliction of great bodily injury in violation of Section[s] 245(a)(1) and 12022.7 of the Penal Code, a serious felony, within the meaning of Section 667(a) of the Penal Code."

Miranda argues substantial evidence does not support a finding he was convicted of a prior serious felony under section 245, subdivision (a), or section 12022.7. First, he argues the record does not contain substantial evidence that the section 245, subdivision (a), conviction was for assault with a deadly weapon or another form of section 245, subdivision (a) assault that qualifies as a serious felony. Second, he argues that substantial evidence does not support the finding that the prior section 245, subdivision (a), conviction included a section 12022.7 enhancement that could have been considered by the court in this action. We find that substantial evidence supports a finding that the

23

prior conviction was for a felony in which Miranda inflicted great bodily injury as contemplated by section 12022.7, subdivision (a), and, therefore, the trial court properly concluded this prior conviction was for a serious felony.

Section 12022.7, subdivision (a), imposes a sentencing enhancement on a defendant when it is found that the defendant "personally inflict[ed] great bodily injury on any person other than an accomplice in the commission of a felony or attempted felony." The list of prior serious felonies that qualify for a section 667, subdivision (a), enhancement includes those, "in which the defendant personally inflicts great bodily injury on any person, other than an accomplice . . . ." (§§ 667, subd. (a)(4), 1192.7, subd. (c)(8).) According to the abstract of judgment recording the judgment in the 2014 Action, the court found true a section 12022.7, subdivision (a), enhancement to the section 245, subdivision (a), conviction, but the sentence imposed for that enhancement was "stricken."

Citing *People v. Barro* (2001) 93 Cal.App.4th 62, 67 (*Barro*), Miranda argues that we cannot tell from this record why the section 12022.7, subdivision (a), enhancement was stricken, and, therefore, we must treat the strike as if it occurred in such a way that the finding can no longer be used as a basis to enhance his current sentence—i.e., we must treat him as if he was never prosecuted and convicted with a section 12022.7 enhancement.

We find *Barro* inapplicable here. In *Barro* a defendant challenged a finding that his prior conviction for mayhem qualified as a strike on the grounds that the prior conviction had been dismissed under section 1385. (*Id., supra,* 93 Cal.App.4th at p. 63.) When the trial court sentenced Barro to probation in the case in which he had the prior mayhem conviction, the court had noted, " '[v]ery clearly on the record [it is reflected] that at the successful completion of probation, that means no violations of probation or the law, the People have indicated that they will dismiss count 2 [(mayhem)] and agree to [section] 1203.4 dismissal of count 3 [(ADW)].' " (*Id.* at p. 65.) After Barro completed

24

probation, the court set aside the conviction, stating in its minute order, "[p]ursuant to the plea bargain entered into May 7, 1993, the plea of guilty/conviction, as to count 2 (mayhem) is set aside, a plea of not guilty is entered and the matter is dismissed in furtherance of justice under section 1385." (*Id.* at pp. 65-66.) The court observed, "decisional authority supports the conclusion that the effect of a dismissal under section 1385 is to wipe the slate clean as if the defendant never suffered the prior conviction in the initial instance. In other words, '[t]he defendant stands as if he had never been prosecuted for the charged offense. (*People v. Simpson* (1944) 66 Cal. App. 2d 319, 329 [].)' (*People v. Superior Court* (*Flores*) (1989) 214 Cal. App. 3d 127, 136 [].)" (*Barro,* at p. 67.) It also reasoned that if the Legislature had intended for dismissals under section 1385 to be able to serve as strikes in future instances, it could revise the statute to include that language. (*Ibid.*)

Miranda would have us believe that because the abstract of judgment from the 2014 Action does not state the sentence was stricken under anything other than under section 1385, we should assume it was stricken under section 1385, effectively wiping the slate clean as to that conviction as would be required by *Barro*. But this argument ignores the explicit language of the abstract of judgment: the form instructs the court to list all enhancements charged and found to be true, and in all capital letters states, "DO NOT LIST ENHACEMENTS FULLY STRICKEN by the court." Moreover, the word "stricken" is only listed under the column identifying "time imposed." The abstract demonstrates that the finding of truth on the section 12022.7, subdivision (a), enhancement to the section 245, subdivision (a), assault was not itself stricken. Only the sentence was stricken. Thus, the conviction in the 2014 Action was one for a crime, "in which [Miranda] personally inflict[ed] great bodily injury on any person, other than an accomplice," which is a serious felony "listed in subdivision (c) of Section 1192.7," and, therefore, is a serious felony under section 667, subdivision (a). (§§ 667, subds. (a)(4), 1192.7, subd. (c)(8).)

25

E.	2009 Conviction Under Section 186.22, Subdivision (a)

Miranda concedes that, taken together, the July 6, 2009, complaint; the August 11, 2009, waiver of rights and plea of guilty/no contest signed by Miranda; the August 11, 2009, minute order; the January 11, 2011, minute order; and the January 13, 2011, abstract of judgment provide sufficient proof that he was convicted by a plea of nolo contendere of violating section 186.22, subdivision (a), in the 2009 Action.  However, making one set of arguments based on a changed understanding of section 186.22, subdivision (a), reflected in decisional authority announced after his 2009 conviction, and another based on a recent Legislative amendment to the whole of section 186.22 and a related procedural statute, Miranda argues the documents considered by the trial court do not provide sufficient evidence that his prior conviction under section 186.22, subdivision (a), was for a serious felony under the laws current meaning.  We consider each argument in turn, but first set out the basic statutory language of section 186.22, subdivision (a), in 2009 and now, and outline the elements of a section 186.22 cause of action.

1.	Section 186.22, Subdivision (a)

In 2009, section 186.22, subdivision (a), provided a punishment for "[a]ny person who actively participates in any criminal street gang with knowledge that its members engage in or have engaged in a pattern of criminal gang activity, and who willfully promotes, furthers, or assists in any felonious criminal conduct by members of that gang."  (§ 186.22, subd. (a) (LexisNexis 2009 Ed.).)  This language in section 186.22, subdivision (a), remained the same in 2011 (§ 186.22, subd. (a) (LexisNexis 2011 Ed.)) and 2014 (§ 186.22, subd. (a) (LexisNexis 2014 Ed.)).  By 2018, commas were added to offset the phrase "or have engaged in" (§ 186.22, subd. (a) (LexisNexis 2018 Ed.)), and that language remained in effect until January 1, 2022, (§ 186.22, subd. (a) (LexisNexis 2021 Ed.)).  The version of section 186.22, subdivision (a), in effect between January 1, 2022, and December 31, 2022, contained nonsubstantive changes, providing a

26

punishment for "*A* person who actively participates in a criminal street gang . . ." instead of "*Any* person who actively participates in a criminal street gang . . . ." (§ 186.22 (Deering, Lexis Advance through the 2022 Regular Session), italics added.) The version of section 186.22(a) that came into effect on January 1, 2023, contained the same language as the 2022 version. (Pen. Code, § 186.22 (Deering, Lexis Advance through the 2022 Regular Session).)

We note that the version of section 186.22 in effect through December 31, 2022, differed from the one currently in effect in subdivision (b)(3), which provides direction to courts on which sentencing enhancement to apply when there is a finding that that current offense was committed for the benefit of a street gang. (See Stats. 2021, ch. 699, §§ 3 & 4 [compare versions of § 186.22, subd.(b)(3).) There are also some minor changes to the language of section 186.22, subdivision (e)(1). Neither change alters our analysis here.

In any event, between 2009 and the present time, while substantive changes to the greater statutory scheme punishing criminal street gang activity have occurred—we discuss some of those below—the language in section 186.22, subdivision (a), has remained relatively unchanged.

Under section 186.22, subdivision (a), there are three elements to a gang participation offense. (*People v. Rodriguez* (2012) 55 Cal.4th 1125, 1130.) They are, "[f]irst, active participation in a criminal street gang, in the sense of participation that is more than nominal or passive; second, knowledge that the gang's members engage in or have engaged in a pattern of criminal gang activity; and third, the willful promotion, furtherance, or assistance in any felonious criminal conduct by members of that gang." (*Ibid.*)

### 2. Impact of *People v. Rodriguez* (2012) 55 Cal.4th 1125

Miranda's first argument regarding the 2009 conviction for street terrorism under section 186.22, subdivision (a), is related to the changed understanding that developed

after 2009 about the nature of the third element of a section 186.22, subdivision (a) offense. Essentially, Miranda asserts that at the time he was convicted under 186.22, subdivision (a), the subdivision could be interpreted to allow for a gang participation finding when the alleged perpetrator acted alone. However, in 2012, in *People v. Rodriguez, supra,* 55 Cal.4th at page 1131, our Supreme Court considered "whether the third element" of a section 186.22, subdivision (a), offense "is satisfied when a gang member commits a felony while acting alone," and concluded it is not.

Miranda argues that due to this post-2009 change in the understanding of section 186.22, subdivision (a), in order for the trial court to find his 2009 conviction was for a serious felony as contemplated by section 667, subdivision (a), and section 1192.7, subdivision (c)(28), the trial court needed to find not only that he had a prior conviction under section 186.22, subdivision (a), as it existed in 2009, but also that he committed the act that lead to his conviction in the 2009 Action with another member of the gang rather than alone. He argues that the trial court made no finding that he acted with another gang member, and, more importantly, the documents admitted regarding his prior convictions contain no evidence to support such a finding. He argues that, therefore, the trial court's finding that his 2009 conviction under section 186.22, subdivision (a), was a prior serious felony must be reversed and the matter should be remanded to the trial court for retrial on this prior conviction. We agree.

To support his argument Miranda cites to *People v. Strike* (2020) 45 Cal.App.5th 143 (*Strike*), review denied June 10, 2020. We agree that *Strike* is instructive on this issue. In *Strike*, *supra*, 45 Cal.App.5th at pages 145-146, following a jury trial in which Christopher Strike was found guilty of various crimes, in a bifurcated proceeding, the trial court found Strike had a prior conviction in 2007 for gang participation under section 186.22, subdivision (a), "which qualified as a 'strike' under the 'Three Strikes' law. (§§ 667, subds. (d), (e)(1), 1170.12, subds. (b), (c)(1).)" The trial court doubled Strike's base sentence due to the strike finding. (*Id.* at p. 146.)

28

On appeal, the Fourth District Court of Appeal found that the trial court had engaged in impermissible fact finding to determine that Strike's 2007 offense was committed with a fellow gang member, and reversed the trial court's findings. (*Strike, supra,* 45 Cal.App.5th at pp. 147-149.) In so doing, it discussed the impact of the *Rodriguez* decision in the assessment of when a pre-2012 conviction under section 186.22, subdivision (a), can qualify as strike under the Three Strikes law. (See *id.* at p. 149, et seq.)

The court stated that while the statutory text of section 186.22, subdivision (a), and the basic list of the three elements of a gang participation offense might have remained unchanged between the 2007 date Strike entered his section 186.22, subdivision (a), plea and 2020, the interpretation of the third element of the gang participation offense had changed with our Supreme Court's issuance of the *Rodriguez* opinion in 2012. (*Strike, supra,* 45 Cal.App.5th at p. 149.) The court observed that, as a consequence, while "at the time defendant entered his [2007] plea, it was not a required element of the gang participation offense that defendant had committed a felony offense with another member of his gang. [¶] . . . [¶] [f]ollowing the Supreme Court's decision in *Rodriguez,* a conviction for gang participation under section 186.22[, subdivision ](a), requires the prosecution to prove the alleged gang member engaged in felonious conduct with another member of his or her gang." (*Id.* at pp. 149-150.) As a result, "in 2017, when the prosecution sought to prove defendant's 2007 gang participation conviction qualified as a strike, the understanding of the elements of the offense had shifted. *Rodriguez* had narrowed the scope of section 186.22[, subdivision ](a). Certain conduct that was considered gang participation prior to *Rodriguez* no longer qualified. This change in the interpretation of section 186.22[, subdivision ](a), rendered a pre-*Rodriguez* conviction inconclusive on its face as to whether it qualified as a strike. (See *People v. Watts* (2005) 131 Cal.App.4th 589, 596–597 [32 Cal. Rptr. 3d 260] [holding a strike finding was not supported by the record where the defendant pleaded guilty to the offense, a violation of

29

§ 12031, subd. (a)(2)(C), prior to a Supreme Court decision clarifying its elements].) A conviction under section 186.22[, subdivision ](a), prior to *Rodriguez* could have been committed in ways that would not warrant a conviction and therefore a strike post-*Rodriguez*. Thus, to prove the strike allegation here, the prosecution could not simply rely on the fact defendant had suffered a conviction for violating section 186.22[, subdivision ](a). The prosecution had to prove defendant admitted all of the elements of the offense as explained by *Rodriguez*, including that he committed a felony offense with another member of his gang. (See *People v. Miles*[*, supra,*] 43 Cal.4th [at p.] 1082 [] [an alleged sentence enhancement must be proved beyond a reasonable doubt].)" (*Strike*, *supra*, 45 Cal.App.5th at pp. 149-150, fn. omitted.)

We note that *Strike* was concerned with the application of *Rodriguez* when the prior section 186.22, subdivision (a), offense was being used as a strike for purposes of a sentencing enhancement under sections 667, subdivisions (d) and (e)(1), and 1170.12, subdivisions (b) and (c)(1), and here we are primarily concerned with its application when the prior section 186.22, subdivision (a), offense is being used to enhance Miranda's sentence due to its nature as a serious felony as contemplated under section 667, subdivision (a). (*Strike*, *supra*, 45 Cal.App.5th at p. 146.) However, in both cases, the court is looking to a list of felonies identified in section 1192.7, subdivision (c)—namely subdivision (c)(28)'s reference to "any felony offense, which would also constitute a felony violation of Section 186.22." (*Strike*, *supra*, 45 Cal.App.5th at p. 146; see also § 667, subds. (a)(1), (a)(4) & (d)(1).) Thus, we find *Strike's* explanation of the impact of *Rodriguez* on how we consider pre-2012 convictions under section 186.22, subdivision (a), to be instructive in our consideration of a pre-2012 offense that is being relied on to support a prior serious felony allegation under section 667 subdivision (a). Nothing in the record before the trial court suggests that Miranda committed the 2009 gang offense with another member of his gang. As such, substantial evidence did not support the trial court's finding that the section 186.22, subdivision (a), conviction

qualified as a prior serious felony under section 667, subdivision (a). (*Strike*, *supra*, 45 Cal.App.5th at pp. 149-150.)

The Attorney General unpersuasively tries to convince us to not apply *Strike* to require a remand in this case.

First, the Attorney General invites us to conclude that *Strike* was incorrectly decided, arguing *any* violation of section 186.22, subdivision (a), is a "strike" offense, and that when Miranda pleaded guilty to a section 186.22, subdivision (a), offense in 2009, he admitted every element of the crime. Therefore, the Attorney General reasons, Miranda's 2009 guilty plea conclusively proves he satisfied the third element for a 186.22 conviction, and the change in the nature of that element effectuated by *Rodriguez* does not change this. He argues that in order to attack the validity of his prior conviction, Miranda needs to bring a collateral challenge to that conviction.

To begin with, we disagree with the Attorney General's decision that *Strike* was wrongly decided and observe there has yet to be a published decision challenging it or questioning its reasoning.

Next, we note that in advancing his argument on appeal, Miranda is not challenging the validity of his prior conviction at the time he was convicted. Instead, he is questioning whether it has been shown to qualify as a serious felony under section 667, subdivision (a), at the time he was sentenced in this action. Under that section, the conviction must satisfy the current (i.e., post-*Rodriguez*) understanding of the offense. Though the record establishes defendant's 2009 conviction for gang participation, the documents provided do not prove that the conviction constitutes a violation of section 186.22, subdivision (a), as interpreted in *Rodriguez*. (*Strike*, *supra*, 45 Cal.App.5th at p. 150.) "The prosecution had to prove defendant admitted all of the elements of the offense as explained by *Rodriguez*, including that he committed a felony offense with another member of his gang." (*Ibid.*) This the prosecution did not do.

31

Next, the Attorney General argues that even applying *Strike* there was sufficient evidence in documents considered by the trial court to support a finding that the 2009 conviction under section 186.22, subdivision (a), was for a serious felony. He notes that in the 2011 Action, the complaint alleged Miranda had suffered a prior serious and violent felony under section 1170.12, subdivision (c)(1), which is one of two statutory schemes containing the "Three Strikes" law. (See *Strike*, *supra*, 45 Cal.App.5th at p. 146.) He then notes that in 2014 when Miranda entered a negotiated plea in the 2011 Action, in which he entered a plea to a voluntary manslaughter charge, he admitted to having a prior strike. The Attorney General then reasons that this admitted strike must have been the 186.22 gang offense alleged in the complaint, and that in admitting to the strike in 2014, Miranda was functionally conceding the 2009 conviction qualified as a strike in the post-*Rodriguez* understanding of the offense.

This reads too much into the documents. A closer look at the minutes recording the circumstances under which the 2014 plea was entered reflect no admission that Miranda admitted to committing a section 186.22, subdivision (a), gang offense with another gang member in 2009. According to the minutes, when the trial court allowed the People to amend the operative complaint in the 2011 action to include a count for voluntary manslaughter, it also allowed the People to add enhancement allegations tied to the count for a prior strike under section 1170.12, subdivision (c)(1), and a prior serious felony under section 667, subdivision (a). Miranda then admitted to these new allegations. The minutes *do not say* the prior crime contemplated by the allegations was the 2009 gang offense, and the handwritten note on the amended complaint, which *possibly*, captures the amendments made orally at the 2014 hearing does not specify the underlying prior offense was the conviction in the 2009 Action. Additionally, the plea signed by Miranda does not allude to the nature of the prior crime and/or strike to which he was admitting as part of the plea. In signing the plea agreement in 2014, the parties did not state the factual basis supporting the plea could be found in a court document

32

regarding prior offenses—e.g., in the abstracts of judgment from the 2009 case. Instead, the minutes from the 2014 hearing state the factual basis for the plea is "based on the evidence received during the jury trial and the Preliminary Hearing transcript." Much like in *Strike* where the court reversed a strike finding because the record only showed that Strike admitted to committing a gang offense in 2007, but not that he admitted to committing that offense with another gang member (*Strike*, *supra*, 45 Cal.App.5th at pp. 153-155), here all the record shows is that in reaching a plea agreement in 2014, Miranda admitted he had previously committed some crime that qualified as a strike.

Moreover, the Attorney General's arguments regarding the value of the 2014 plea in the 2011 Action are functionally a request for us to find that Miranda's plea in 2014 should estop him from asserting that the 2009 conviction does not qualify as a prior serious offense here. But section 667, subdivision (f), requires a "prosecuting attorney [to] plead and prove each prior serious or violent felony conviction." "The Legislature has thus rejected the application of collateral estoppel by the prosecutor to prior conviction and has, instead, required the prior to be specifically proven in the new action regardless of whether or not a previous jury found the prior 'true.' " (*People v. Rice* (1988) 200 Cal.App.3d 647, 654.) The plea and resulting conviction in the 2011 action, and its inclusion of a strike and prior serious felony enhancement, does not serve to remove from the People their burden of proving those enhancement allegations in this action.

### 3. Impact of Assembly Bill No. 333

As contemplated by section 186.22, a criminal street gang is a group whose members, among other things, engage in "a pattern of criminal gang activity." (§ 186.22, subd. (f).) In 2021, the Legislature enacted Assembly Bill No. 333 (2021-2022 Reg. Sess.) (Assembly Bill 333), which amended section 186.22 effective January 1, 2022, after the trial court sentenced defendant. Some of those amendments made changes to

33

subdivision (e)'s definition of "pattern of criminal gang activity."  (Stats. 2021, ch. 699, § 3, amending § 186.22, subd. (e).)  Among other things the definition added a requirement that the "currently charged offense shall not be used to establish the pattern of criminal gang activity."  (Stats. 2021, ch. 699, § 3, amending § 186.22, subd. (e)(2).)

We note that the amended definition also contains added language that specifies that an offense used to establish the "pattern of criminal gang activity" must have "commonly benefited a criminal street gang, and the common benefit of the offense is more than reputational."  (Compare § 186.22, subd. (e) (2021) with § 186.22, subd. (e)(1) (2023).)

Prior to Assembly Bill 333's enactment, charged offenses could be counted as the predicate offenses.  (See *People v. Loeun* (1997) 17 Cal.4th 1, 10 [finding in 1997 that "when the prosecution chooses to establish the requisite 'pattern' by evidence of 'two or more' predicate offenses committed on a single occasion by 'two or more persons,' it can, as here, rely on evidence of the defendant's commission of the charged offense"].)

The Legislature made various findings regarding problems with how the prior version of the gang enhancement statutes had been applied when it enacted Assembly Bill 333.  (Stats. 2021, ch. 699, § 2.)  These findings included that the gang enhancement statute had been found to be "applied inconsistently against people of color, creating a racial disparity"; that though the enhancements had been enacted as part of a scheme that was meant "to target crimes committed by violent, organized criminal street gangs" through amendments and court rulings, the statutes had been expanded such that gang enhancements had become ubiquitous; and that "[g]ang enhancements and allegations have additionally been used to legitimize severe punishment."  (Stats. 2021, ch. 699, § 2, subds. (d)(1), (g), & (i).)

Miranda argues that under principles articulated in *In re Estrada* (1965) 63 Cal.2d 740, he is entitled to have the question of whether his prior conviction under section 186.22, subdivision (a), qualifies as a "felony offense, which would also constitute a

34

felony violation of Section 186.22," and therefore as a serious felony, under the amended version of the law. Additionally, he argues that, under the current record, there was not sufficient evidence that the concurrently charged offense was not used to establish the pattern of criminal gang activity by the group in which he participated.

We agree that the amended version of section 186.22 should be considered on remand.

Absent evidence of contrary legislative intent, if an "amendatory statute lessening punishment becomes effective prior to the date the judgment of conviction becomes final then . . . it, and not the old statute in effect when the prohibited act was committed, applies." (*In re Estrada, supra,* 63 Cal.2d at p. 744; see also *People v. Mani* (2022) 74 Cal.App.5th 343, 379.) "This rule rests on an inference that when the Legislature has reduced the punishment for an offense, it has determined the 'former penalty was too severe' (*Estrada*, at p. 745) and therefore 'must have intended that the new statute imposing the new lighter penalty . . . should apply to every case to which it constitutionally could apply' (*ibid.*)." (*People v. DeHoyos* (2018) 4 Cal.5th 594, 600.) A judgment is not considered final until the time for petitioning for a writ of certiorari in the United States Supreme Court has passed. (*People v. Vieira* (2005) 35 Cal.4th 264, 305-306.)

Our Supreme court has applied the *Estrada* reasoning, "to statutes which redefine, to the benefit of defendants, conduct subject to criminal sanctions." (*Tapia v. Superior Court* (1991) 53 Cal.3d 282, 301.) Additionally, "a defendant is entitled to the benefit of an amendment to an enhancement statute, adding a new element to the enhancement, where the statutory change becomes effective while the case was on appeal, and the Legislature did not preclude its effect to pending cases." (*People v. Figueroa* (1993) 20 Cal.App.4th 65, 68.) As discussed above, in *Strike*, the appellate court explained that in order to prove a prior gang enhancement operated as a strike—i.e., that was a serious felony listed in section 1192.7, subdivision (c)—the People needed to prove all the

35

elements of the offense as it was understood after our Supreme Court rendered its opinion in *Rodriguez.* (*Strike, supra,* 45 Cal.App.5th at pp. 149-150.) That is, in order for the prior offense to qualify as an enhancement, it needed to meet the post-*Rodriquez* understanding of the law.

Here, section 186.22 has been amended in a way that narrowed the definition of what qualifies as a street gang offense. Consequently, what it means for a prior crime to be a "felony offense, which would also constitute a felony violation of Section 186.22" as contemplated in sections 1192.7, subdivision (c)(28), and by extension, a serious felony under section 667, subdivision (a)(4), has also narrowed. In adding a new element to what it means to "constitute a felony violation of Section 186.22," the Legislature added a new element to a prior serious felony enhancement based on the crimes serious nature as listed in section 1192.7, subdivision (c)(28). Under *Estrada* and its progeny, Miranda is entitled to have this new definition apply when the trial court reconsiders his case on remand.

Because the revised definition of "pattern of criminal gang activity" was not in effect until 2022, the trial court entered its findings in 2021, and we are already remanding this action for reconsideration of the third prior serious felony enhancement based on the 2009 section 186.22, subdivision (a), conviction, we decline Miranda's invitation to consider whether the evidence was insufficient to satisfy the current definition. Instead, we direct the trial court to apply the recently amended definition when it reconsiders whether the prior conviction was for a serious felony under section 667, subdivision (a).

The People's efforts to convince us that defendant should not be able to argue the amended version of section 186.22 should not apply here are not persuasive.

First, the People point to section 667, subdivision (d), which states, "[t]he determination of whether a prior conviction is a prior felony conviction for purposes of subdivisions (b) to (i), inclusive, shall be made upon the date of that prior conviction and

36

is not affected by the sentence imposed unless the sentence automatically, upon the initial sentencing, converts the felony to a misdemeanor." "Read in context, the 'determination' at issue must be whether the prior conviction 'is a prior *felony* conviction' rather than a conviction for a misdemeanor. This determination is made 'upon the date' of the conviction, so subsequent events, such as a reduction to a misdemeanor . . . , will not affect its classification as a felony conviction." (*People v. Sipe* (1995) 36 Cal.App.4th 468, 478.) This is not a statement that a defendant convicted under a statute in place in 2009 cannot benefit from a narrower definition of the crime under that statute when considering if that crime it qualifies as a serious felony for purposes of a section 667, subdivision (a), sentencing enhancement.

The People's second argument is much like the argument they raised in arguing *Strike* ought not to apply. They argue *Estrada* is only meant to apply to nonfinal judgements, and they treat Miranda's argument as an attack on the finality of 2009 conviction. But, as we stated above, in raising this argument, Miranda is not arguing that the conviction was incorrect at the time it was entered; rather he is functionally arguing that what he was convicted of at the time does not satisfy the elements that must be met to impose a section 667, subdivision (a), sentencing enhancement in the current action. In light of the Legislative findings about the problems with the prior version of section 186.22, to not allow persons with convictions under the prior version of the law to utilize the newer version when considering whether to enhance their sentences under section 667, subdivision (a), seems particularly harsh: it exposes those who having already obtained final sentences under a version of the law that our Legislature has found was inequitably applied, resulted in severe penalties, and punished a wider swath of behavior than originally intended (Stats. 2021, ch. 699, § 2, subds. (d)(1), (g), & (i)), to harsher sentencing enhancements than those who have engaged in similar acts after the law was amended.

4.    Treatment on Remand

"[R]eversal of a true finding on a prior conviction allegation does not prevent retrial of that enhancement.  (*People v. Barragan* (2004) 32 Cal.4th 236, 241 [].)  As explained in *Gallardo*, the appropriate remedy is to remand the case to the trial court for a new hearing. . . . (*Gallardo*, *supra*, 4 Cal.5th at p. 139.)"  (*Strike*, *supra*, 45 Cal.App.5th at p. 154.)  Thus, on remand, the trial court may hold a new hearing on whether the 2009 section 186.22, subdivision (a), conviction satisfied all the required elements to qualify as a prior serious felony as contemplated under section 667, subdivision (a).

5.    Section 186.22 as a Strike

Above, we found that the record does not contain a truth finding on the strike allegations and that the strike sentences must therefore be vacated.  However, we noted this finding was without prejudice as to the trial court's ability to correct the record of its findings if it is clearly shown the omission was only a clerical error.  If the trial court were to revise its records to reflect an affirmative finding of truth as to the strike on priors, we observe that the above reasoning as to why substantial evidence does not support a finding that the prior section 186.22, subdivision (a), conviction was a serious felony would support a like holding that substantial evidence does not support a finding that the conviction was a strike.  As such, if the trial court amends its judgment to reflect it did, in fact, find true that in 2009 Miranda was convicted under section 186.22, subdivision (a), and that conviction was for a strike, that finding would need to be vacated and subject to further evidence on remand.

III

*The Trial Court Can Exercise its Section 654 Discretion on Remand*

At the time the trial court sentenced the defendants, section 654, subdivision (a) (2021), required trial courts to impose a sentence under the provision providing for the

38

longest sentence when an act was punishable under more than one provision. The trial court would then stay punishments for the same act available under other provisions. (See § 654, subd. (a) (2021).) After the trial court entered its judgment, the California Legislature passed Assembly Bill 518 (2021-2022 Reg. Sess.) (Assembly Bill 518), amending section 654. Section 654 now grants trial courts the discretion to choose which sentencing provision to apply when the courts sentence defendants who commit criminal acts that are punishable under more than one criminal provision—i.e., trial courts are no longer obligated to impose the sentence under the provision that contains the longest sentence and may, instead, stay the term of the longer sentence and apply an applicable provision that contains a shorter term. (Stats. 2021, ch. 441, § 1 (Assembly Bill 518).) Assembly Bill 518's amendments to section 654 took effect on January 1, 2022, while this appeal was still pending. (*Ibid.*; see also Cal. Const., art. IV, § 8, subd. (c), par. (1).)

Miranda and Farias both argue that the amended version of section 654 applies to their sentences, and this matter should be remanded for the trial court to exercise its discretion under the amended section 654. The Attorney General agrees that the amended version of section 654 applies to both defendants, but argues that remand is inappropriate because the record indicates the trial court would not exercise its discretion to stay the greater term and impose lesser sentences on the defendants. We agree that the amended version of section 654 applies, and will allow the trial court to reconsider its sentence to exercise its new discretion on remand.

"Because Assembly Bill 518 was enacted while defendant's appeal was not yet final and it provides the trial court new discretion to impose a lower sentence, defendant is entitled to its ameliorative benefit." (*People v. Mani* (2022) 74 Cal.App.5th 343, 379.) Under these circumstances, remand is required "unless the record 'clearly indicate[s]' that the trial court would have reached the same conclusion 'even if it had been aware that it had such discretion.' [Citations.]" (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391.) Here, we need not reach the issue of whether remand is required to allow the trial

court to exercise its discretion under section 654, because we are already remanding for the consideration of other factors related to the sentence. (See *People v. Buycks* (2018) 5 Cal.5th 857, 893 ["[W]hen part of a sentence is stricken on review, on remand for resentencing 'a full resentencing as to all counts is appropriate, so the trial court can exercise its sentencing discretion in light of the changed circumstances.' [Citations.]"].)

DISPOSITION

We do not foreclose the possibility that the absence of strike findings on the minute order and abstract of judgment is the result of a clerical error, and, if it can be clearly shown that the omission of those findings is result of a clerical error, the trial court may correct its judgment nunc pro tunc to more clearly state its strike findings.

As to Farias, if it cannot be clearly shown that the mistake was clerical in nature, the trial court must vacate his sentence and resentence him without applying the Three Strikes law. If it can be clearly shown the error was clerical and the trial court makes appropriate clarifications to its judgment, it may continue to apply the three strikes law to Farias, treating each of his prior convictions as a strike. The trial court may also reconsider Farias's sentence under the current version of section 654.

As to defendant Miranda, the trial court must vacate its finding that the 2009 section 186.22, subdivision (a), conviction was for a serious felony, and it may retry it applying *Rodriguez* and recent amendments to section 186.22, then apply those findings in sentencing Miranda. If it can be clearly shown that the omission of strike findings regarding the recidivist allegations was clerical in nature and the trial court opts to correct the record to more definitively state these findings, on remand the trial court would still need to vacate the strike finding as to the 2009 section 186.22, subdivision (a), conviction, and the court would have the ability to reconsider if the crime was a strike. If it cannot be clearly shown that the omission of explicit strike findings on all of Miranda's priors was clerical in nature, the trial court must resentence Miranda without applying the

40

Three Strikes law.  On remand, the trial court may exercise its discretion under the current version of section 654.

_____

HULL, J.

We concur:


_____

ROBIE, Acting P. J.


_____

BOULWARE EURIE, J.

Filed 6/14/23

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

- - -

| | |
|---|---|
| THE PEOPLE, | C094195 |
| Plaintiff and Respondent, | (Super. Ct. No. 18FE021180) |
| v. | ORDER CERTIFYING OPINION FOR PUBLICATION |
| JESSIE FARIAS et al., | |
| Defendants and Appellants. | |

APPEAL from a judgment of the Superior Court of Sacramento County, Donald J. Currier, Judge. Remanded with directions.

Robert L.S. Angres, under appointment by the Court of Appeal, for Defendant and Appellant Jesse Farias.

Gillian Black, under appointment by the Court of Appeal, for Defendant and Appellant Fernando Miranda.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Eric L. Christofferssen, Robert C. Nash, Deputy Attorney General, for Plaintiff and Respondent.

THE COURT:

The opinion in the above-entitled matter filed on May 26, 2023, was not certified for publication in the Official Reports. For good cause it now appears that the opinion should be published in the Official Reports and it is so ordered

BY THE COURT:

_____
ROBIE, Acting P. J.

_____
HULL, J.

_____
BOULWARE EURIE, J.